## Commonwealth v. Peerless Paper Specialty Co.

*Harry B. Schultz* and *John A. McCarthy*, Special Deputy Attorney General, for Commonwealth.

*Charles A. Rothman*, for defendant.

ALESSANDRONI, J., December 2, 1938.—This is an appeal from a decision of the Board of Mercantile Appraisers of Philadelphia County assessing the Peerless Paper Specialty Company, Inc., a Vermont corporation, doing business in Pennsylvania as a wholesale vendor or dealer in goods, wares, and commodities for the year 1937 under the Act of May 2, 1899, P. L. 184, and imposing a tax in the sum of $43.50. The sole issue is appellant's contention that it is a manufacturer and not a vendor and is, therefore, exempt from the said tax under the Act of February 27, 1868, P. L. 43, sec. 1.

The stipulation of facts filed of record by counsel discloses that appellant is engaged in the business of converting paper into adhesive paper and kindred products. Fifty-inch-wide rolls of kraft paper each weighing 2,000 pounds are run over a machine which "gums" one surface of the paper and then dries and rewinds it. The roll is then cut to suit the consumer and is sometimes stamped with advertising matter. Special machinery is employed in the process and the various glues are specially blended. It is further stipulated that appellant has no store or warehouse apart from its factory and the greater portion of its product is sold directly to the consumer by two salesmen employed on a commission basis.

Exemptions under a taxing statute are resolved in favor of the Commonwealth and the burden rests upon claimant to show that it is clearly within the exempting provisions. Language which relieves from taxation like language that imposes it must be strictly construed: Academy of Fine Arts v. Philadelphia County, 22 Pa. 496; Callery's Appeal, 272 Pa. 255, 272; Commonwealth v. Weiland Packing Co., 292 Pa. 447.

In a learned opinion in Commonwealth v. Lowry-Rodgers Co., 279 Pa. 361, Mr. Justice Simpson traced the historical development of the mercantile tax in this Commonwealth, particularly the evolution of the exemption provisions. The definition of manufacture found in Bouvier's Law Dictionary (Rawle's 3d ed.), namely, "To make or fabricate raw materials by hand, art, or machinery, and work [them] into forms convenient for use", is quoted and approved by the court. As used in the mercantile tax laws the word means making in a mechanical sense. In determining what constitutes manufacturing it is essential that a conclusion is reached not by finely-drawn distinctions in the processes of appellant's endeavor, but by considering whether gumming paper is manufacturing in the popular sense of the word: Commonwealth v. Lowry-Rodgers Co., supra, p. 367. This court is of the opinion that appellant, no matter how

specialized its mechanical equipment may be, is not engaged in manufacturing. The capital stock tax cases strongly relied upon by appellant are not conclusive. The interpretation of what is meant by manufacturing in the mercantile tax law depends upon the peculiar historic background of those enactments: Commonwealth v. Lowry-Rodgers Co., supra, p. 367.

And now, to wit, December 2, 1938, the appeal of the Peerless Paper Specialty Company, Inc., from the assessment of the Board of Mercantile Appraisers of Philadelphia County is dismissed, and the prothonotary is directed to enter judgment in favor of the Commonwealth of Pennsylvania in the sum of $43.50 together with penalties and the costs of this appeal.